UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lester W. Kauffman, III, as Trustee of the Union Trowel Trades Benefit Funds of Central Pennsylvania; James Boland, as Trustee of the Bricklayers and Trowel Trades International Pension Fund and International Masonry Institute; Joseph J. Davis, as Trustee of the International Union of Bricklayers and Allied Craftworkers Local #15 PA Pension Fund; Jack Figured, as Trustee of the Bricklayers & Stonemasons Local 5 Annuity Fund; and George Hardy, as Trustee of the PA Local 47 Bricklayers and Allied Craftsmen Pension Plan,<br>　　　　Plaintiffs<br>　　v.<br><br>Suburban Tile and Stone, LLC<br>1636 North Cedar Crest Boulevard,<br>Suite 316<br>Allentown, PA  18104-2318<br>　　　　Defendant | CASE NO.:<br><br>*Electronically Filed* |

## **COMPLAINT**

1.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132 and 1145, 29 U.S.C. §185(a), and/or 28 U.S.C. §1331.  The claims asserted herein are all made under federal statutes or federal common law,

but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2. Venue lies in this District under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

3. Plaintiff, Union Trowel Trades Benefit Funds of Central Pennsylvania (hereinafter the "Health and Welfare Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

4. The Health and Welfare Fund is a "multiemployer plan," "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3), which is administered and has its principal place of business in this District at ℅ PATH Administrators, P. O. Box 6480, Harrisburg, Pennsylvania 17112.

5. Plaintiff, Lester W. Kauffman, III, is a fiduciary of the Health and Welfare Fund within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions due the Fund and related matters, has a business address at the addresses for the Funds listed herein, and is authorized to bring this action on behalf of all Trustees of the Funds as organizations.

6. Plaintiff, Bricklayers and Trowel Trades International Pension Fund (hereinafter the "IPF") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

7. The IPF is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

8. Plaintiff, James Boland, is a fiduciary of the IPF within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions due the Fund and related matters, and is authorized to bring this action on behalf of all Trustees of the Funds as organizations.

9. Plaintiff, International Masonry Institute (hereinafter the "IMI") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

10. The IMI is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

11. Plaintiff, James Boland, is a fiduciary of the IMI within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions due the Fund and related matters, and is authorized to bring this action on behalf of all Trustees of the Funds as organizations.

12. Plaintiff, Pension Plan of International Union of Bricklayers and Allied Craftworkers Local #15 PA (hereinafter the "Local 15 Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

13. The Local 15 Pension Fund is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

14. Plaintiff, Joseph J. Davis, is a fiduciary of the Local 15 Pension Fund within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions due the Fund and related matters, and is authorized to bring this action on behalf of all Trustees of the Funds as organizations.

15. Plaintiff, Bricklayers & Stonemasons Local 5 Annuity Fund (hereinafter the "Local 5 Annuity Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan

sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

16. The Local 5 Annuity Fund is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

17. Plaintiff, Jack Figured, is a fiduciary of the Local 5 Annuity Fund within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions due the Fund and related matters, and is authorized to bring this action on behalf of all Trustees of the Funds as organizations.

18. Plaintiff, PA Local 47 Bricklayers and Allied Craftsmen Pension Plan (hereinafter the "Local 47 Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

19. The Local 47 Pension Fund is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

20. Plaintiff, George Hardy, is a fiduciary of the Local 47 Pension Fund within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contri-

butions due the Fund and related matters, and is authorized to bring this action on behalf of all Trustees of the Funds as organizations.

21. The Health and Welfare Fund, IPF, IMI, Local 15 Pension Fund, Local 5 Annuity Fund and Local 47 Pension Fund are hereinafter jointly or severally referred to as "the Funds" or "ERISA Funds."

22. Defendant, Suburban Tile and Stone (hereinafter "the Company"), is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2), (6) and (7) and 1002(5), (11) and (12), with a business office at the address listed in the caption. The Company does business with the Funds that is sufficient to create personal jurisdiction over the Company in this District and a substantial part of the events or omissions giving rise to the claims herein occurred from transactions with the Funds' office in this District.

23. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement (hereinafter the "Agreement") between International Union of Bricklayers and Allied Craftworkers Local Union No. 5, Pennsylvania and the Tile & Marble Contractors Association of Lehigh Valley, Central and Northeastern Pennsylvania.

24. The Company is subject to and has agreed to abide by the terms of the Amended and Restated Agreements and Declarations of Trust of the Funds (singly

or jointly referred to herein as the "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds.

25. Under the Agreement, Trust Agreements, plan documents of the ERISA Funds and/or other documents, the Company agreed:

    a. To make full and timely payment on a monthly basis, on or before the 15th day of each month, to the Funds as required by the Trust Agreements and plan documents;

    b. To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Agreement;

    c. To pay interest at the rate of One and One-half (1.5%) Percent of the delinquent amount due the Health and Welfare Fund and Local 15 Pension Fund;

    d. To pay liquidated damages in the amount of Twenty ($20.00) Dollars or Five (5%) Percent of the delinquent amount per month, whichever is greater, due the Health and Welfare Fund; and

      e.      To pay interest at the rate of One and One-quarter (1.25%) Percent of the delinquent amount due the IPF, IMI and International Annuity Fund;

      f.      To pay liquidated damages in the amount of Twenty (20%) Percent of the delinquent amount per month due the IPF, IMI and International Annuity Fund; and

      g.      To pay all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a) and (b), above.

## COUNT I – CONTRIBUTIONS DUE UNDER ERISA

Lester W. Kauffman, III, as Trustee of the Union Trowel Trades Benefit Funds of Central Pennsylvania; James Boland as Trustee of the Bricklayers and Trowel Trades International Pension Fund and International Masonry Institute; Joseph J. Davis, as Trustee of the International Union of Bricklayers and Allied Craftworkers Local #15 PA Pension Fund; Jack Figured, as Trustee of the Bricklayers & Stonemasons Local 5 Annuity Fund; and George Hardy, as Trustee of the PA Local 47 Bricklayers and Allied Craftsmen Pension Plan v. Suburban Tile and Stone

26.    The allegations of Paragraphs 1 through 25 above are incorporated by reference as if fully restated.

27. Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust Agreements and plan documents for the period of May, 2016 through the present, in violation of 29 U.S.C. §1145.

28. Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest are due from the Company on account of the delinquent contributions for the months of May, 2016 through the present.

29. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

WHEREFORE, Plaintiffs demand judgment against the Company as follows:

    a. For contributions due for the months of May, 2016 through the present, plus any additional contributions due since the filing of this action;

    b. For liquidated damages and interest due on account of the untimely payment of contributions for the months of May, 2016 through the present, plus any additional liquidated damages and interest due since the filing of this suit;

  c. For costs incurred in this action or the collection or enforcement of any judgment as provided under the Trust Agreements, plan documents of the ERISA funds and 29 U.S.C. §1132(g)(2), including filing fees in the amount of $400.00, and service fees in the amount of $157.50; and

  d. For reasonable attorneys' fees incurred in this action; and

  e. For such other legal or equitable relief as the Court deems appropriate.

**COUNT II – CONTRIBUTIONS AND WAGES DUE UNDER COLLECTIVE BARGAINING AGREEMENTS**

Lester W. Kauffman, III, as Trustee of the Union Trowel Trades Benefit Funds of Central Pennsylvania; Joseph J. Davis, as Trustee of the International Union of Bricklayers and Allied Craftworkers Local #15 PA Pension Fund; Jack Figured, as Trustee of the Bricklayers & Stonemasons Local 5 Annuity Fund; and George Hardy, as Trustee of the PA Local 47 Bricklayers and Allied Craftsmen Pension Plan v. Suburban Tile and Stone

30. The allegations of Paragraphs 1 through 29 above are incorporated by reference as if fully restated.

31. The Company has not paid the Funds as required by the Agreement and other documents incorporated by the Agreement, such as the Trust Agreements or plan documents of the ERISA Funds.

32. Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust Agreements and plan documents for the period of May, 2016 through the present.

33. Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest are due from the Company on account of the delinquent contributions for the months of May, 2016 through the present.

34. Plaintiffs have been damaged by the Company as a proximate result of the Company's breach of the Agreement and/or its incorporated documents.

WHEREFORE, Plaintiffs demand judgment against the Company as follows:

    a.    For contributions due for the months of May, 2016 through the present, plus any additional contributions due since the filing of this action;

    b.    For liquidated damages and interest due on account of the untimely payment of contributions for the months of May, 2016 through the present, plus any additional liquidated damages and interest due since the filing of this suit;

    c.    For costs incurred in this action or the collection or enforcement of any judgment as provided under the Agreement and Trust Agree-

ments, including filing fees in the amount of $400.00, and service fees in the amount of $157.50;

      d.      For reasonable attorneys' fees incurred in this action; and

      e.      For such other legal or equitable relief as the Court deems appropriate.

                                    Respectfully submitted,
                                      CHARLES W. JOHNSTON, P.C.
                                      101 Erford Road, Suite 302
                                      Post Office Box 98
                                      Camp Hill, Pennsylvania 17001-0098
                                      Telephone: (717) 975-5500
                                      Facsimile: (717) 975-5511

                                        /s/ CHARLES W. JOHNSTON
                                      Pa. I.D. No. 15621
                                      e-mail: cjohnston@jadlegal.com

                                      *Attorneys for Plaintiffs*

Dated:      September 2, 2016